**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | | |
|---|---|---|
| **NICHOLAS RUSK,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 23-1355** |
| | ) | |
| **PEORIA COUNTY** *et al.,* | ) | |
| **Defendants.** | ) | |

**ORDER**

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court for screening is a Complaint (Doc. 1) filed under 42 U.S.C. § 1983

by Plaintiff Nicholas Rusk, a prisoner at Jacksonville Correctional Center.

**I.      Merit Review Standard**

Title 28 U.S.C. § 1915A requires the Court to "screen" Plaintiff's Complaint and,

through such process, identify and dismiss any legally insufficient claim or the entire

action if warranted. A claim is defective if it "(1) is frivolous, malicious, or fails to state a

claim upon which relief may be granted; or (2) seeks monetary relief from a defendant

who is immune from such relief." 28 U.S.C. § 1915A. In reviewing the complaint, the court

accepts the factual allegations as true, liberally construing them in the plaintiff's favor.

*Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and

labels are insufficient. Enough facts must be provided to "state a claim for relief that is

plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation

omitted).

Page **1** of **3**

## II.    Facts Alleged

In March 2020, Plaintiff's truck was seized after his arrest in Peoria County for trespassing on land. After the charges were dismissed, Plaintiff petitioned the Court of Claims for relief. Plaintiff claims that the judge assigned to his Court of Claims case is prejudiced against him because no hearing date has been set despite Plaintiff filing two motions requesting a hearing date.

## III.    Analysis

The Court concludes that Plaintiff's Complaint fails to allege facts to establish or infer a constitutional violation. Although the Court of Claims lacks jurisdiction to consider claims based upon a federal statute or the federal or state constitutions (*McDonald v. Adamson*, 840 F.3d 343, 346 (7th Cir. 2016)), Illinois Court of Claim judges are entitled to absolute immunity for functions closely associated with the judicial process. *See Williams v. Rath*, 756 F. Supp. 1103, 1107-07 (N.D. Ill. 1991) (analyzing procedural safeguards and holding that Illinois Court of Claims judges are entitled to absolute immunity); *see also McMillan v. Svetanoff*, 793 F.2d 149, 151 (7th Cir. 1986) ("[F]or quasi-judicial officials to be granted absolute immunity, their acts must reflect the essence of judicial decision-making and involve discretion of a judicial nature.").

Although the Court could allow Plaintiff to file an amended complaint, it is unnecessary when, as here, the Court finds that any amendment would be futile. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1025 (7th Cir. 2013); *see also Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) ("District courts, nevertheless, 'have broad

discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive,

repeated failure to cure deficiencies, undue prejudice to the defendants, or where the

amendment would be futile.'") (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir.

2008)).

**IT IS THEREFORE ORDERED:**

1)  **The Court DISMISSES Plaintiff's Complaint (Doc. 1) under 28 U.S.C. 1915A(b)(1) for failure to state a federal claim on which relief may be granted. Any amendment to the complaint would be futile for the reasons stated. This case is, therefore, closed. The Clerk of the Court is directed to enter a judgment under Fed. R. Civ. P. 58.**

2)  **If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff chooses to appeal, he will be liable for the $605 appellate filing fee, irrespective of the outcome of the appeal.**

ENTERED January 22, 2024.

s/ *Colleen R. Lawless*

_____

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE